United States District Court
Northern District of California

1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    ANTHONY SILVERIA,                      Case No.  19-cv-06600-EMC

8                 Plaintiff,

9          v.                               **ORDER GRANTING DEFENDANT'S
                                            MOTION TO DISMISS**
10   ROBERT WILKIE,
                                            Docket No. 44
11                Defendant.

12

13

14          Plaintiff Anthony Silveria filed a separate lawsuit against the Secretary of the Department

15   of Veterans Affairs ("VA"), alleging violations of his employment rights.  This Court dismissed

16   the complaint and subsequent amendments three times.  The last dismissal was of his Third

17   Amended Complaint ("TAC").  During the pendency of that lawsuit, Mr. Silveria filed a new,

18   separation action, the instant case.  The parties stipulated to relating the cases and consolidating

19   the matters, and the Court granted both and ordered Mr. Silveria to file a consolidated complaint.

20   Mr. Silveria subsequently filed a consolidated complaint in the case at bar.  Second Amended

21   Complaint, Docket No. 30.  Mr. Silveria then amended his complaint once more, and the operative

22   complaint herein is the Third Amended Complaint ("TAC").  Having considered the parties' briefs

23   and accompanying submissions, as well as the oral argument of counsel, the Court hereby

24   **GRANTS** Defendant's Motion to Dismiss the TAC.

25                   **I.      FACTUAL AND PROCEDURAL BACKGROUND**

26   A.     Factual Background

27          Mr. Silveria served in the U.S. Marine Corps from 1989 to 1999.  TAC ¶ 13.  He worked

28   as a federal employee with the VA from September 2009 until his removal in June 2014, first as a

1    Claims Assistant and then as a RVSR.  TAC ¶¶ 14-16.  In his capacity as a RVSR, Mr. Silveria

2    "created ratings for veterans' benefits claims, responded to veterans' questions, typed rating

3    decisions, reviewed medical records, and scheduled examinations."  TAC ¶ 16.

4          Mr. Silveria alleges that he was hired under the Vocational Rehabilitation Program and

5    was "provided with reasonable accommodations for his back, shoulder and wrist," *e.g.*, "a back

6    pad, wrist pad and an ergonomic mouse."  TAC ¶ 17.  Beginning in August 2013, Mr. Silveria

7    started experiencing adverse supervisory decisions.  On August 2nd and 12th, while Mr. Silveria

8    was on leave under the Family and Medical Leave Act ("FMLA"), his manager "ordered [him] to

9    work despite receiving medical documentation" showing the need for medical treatment.  TAC ¶

10    19.  On August 19th, Mr. Silveria's supervisor proposed a suspension for failing to comply with

11    the VA's leave request procedures.  TAC ¶ 20.  And the following month (on September 11th),

12    Mr. Silveria was, in fact, issued a suspension while on FMLA leave.  TAC ¶ 21.  Mr. Silveria's

13    troubles with the VA leave request procedures continued in November when he was issued a

14    "return to duty order" after his manager "conclud[ed] erroneously that [his] medical

15    documentation did not comply with VA leave request procedures."  TAC ¶ 22.

16          In January 2014, Mr. Silveria alleges that his supervisors "unlawfully accessed [his] VA

17    records and viewed [his] medical information, benefits, and financial records."  TAC ¶ 23.  That

18    same month, Mr. Silveria's supervisor issued him a proposed removal, charging Mr. Silveria with

19    "failure to follow supervisor's orders, failure to follow established leave procedures, and for being

20    AWOL."  TAC ¶ 24.  The VA weighed the proposed removal and decided on a 12-day

21    suspension, which was instituted on January 30, 2014; Mr. Silveria served that suspension from

22    February 3rd through February 24th, 2014.  TAC ¶¶ 25, 26.

23          The VA's disciplinary measures continued the following month.  On March 24, 2014, Mr.

24    Silveria was charged with AWOL for over 43 hours by his supervisor.  TAC ¶ 27. On April 1,

25    2014, he was charged with being AWOL on six occasions "on which [he] was at a doctor's

26    appointment, the hospital, or ill at home."  TAC ¶ 28.  Nine days later (on April 10th), Mr. Silveria

27    was issued 17 charges of AWOL despite "having medical documentation showing he was going to

28    the hospital and scheduled doctor's appointments."  TAC ¶ 29.

United States District Court
Northern District of California

1
2
3
4
5
6
7

The following month, on May 6th, 2014, Mr. Silveria alleges that he was issued a return to duty order despite being on FMLA leave. TAC ¶ 30. On May 20th, he alleges that he was "removed from the building by management without receiving an explanation for that removal." TAC ¶ 31. Ten days later, on May 30th, Mr. Silveria was issued a proposed removal from federal service. TAC ¶ 32. On June 24th, 2014, Mr. Silveria was removed from federal service. TAC ¶ 33. Mr. Silveria alleges that he was not paid his last check after being removed from federal service. TAC ¶ 34.

8
9
10
11

In light of this history, Mr. Silveria alleges that, "[b]ecause of [his] protected status as an employee with a disability, [his] supervisors engaged in a pattern of severe and pervasive harassment, which created a hostile and offensive workplace environment and negatively impacted [his] terms and conditions of employment." TAC ¶ 36.

12

B.   Procedural History

13
14
15
16
17
18
19
20
21
22
23
24

This Court previously laid out the procedural background preceding Mr. Silveria's complaint in federal court. *See Silveria v. Wilkie*, No. 18-cv-07327-EMC, 2020 U.S. Dist. LEXIS 28334, at *6-10 (N.D. Cal. Feb. 19, 2020) ("*Silveria I*"). Relevant to the case at bar is his administrative EEO complaint filed in 2014. On April 19, 2014, Mr. Silveria initiated an EEO complaint ("2014 EEO Claim") (following an earlier EEO complaint filed in 2013), asserting the following: (1) a non-mixed-case claim that Mr. Silveria was subjected to a hostile work environment and five discrete acts based on disability and reprisal by events occurring between July 2013 and July 2014; (2) a mixed-case claim based on a request for reconsideration for the denial of Mr. Silveria's within-grade increase; and (3) a mixed-case claim that Mr. Silveria was subjected to discrimination based on disability and reprisal when he was removed from employment effective June 29, 2014 (the "Removal Claim"). In *Silveria I*, this Court dismissed the claims based on (2) and (3). The instant case is based solely on (1).

25
26

Mr. Silveria's only remaining claim before this Court is the hostile work environment claim arising from the five discrete acts in the 2014 EEO Claim.

27
28

United States District Court
Northern District of California

## II.    <u>LEGAL STANDARD</u>

A.    <u>Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

## III.    <u>DISCUSSION</u>

Defendant contends that Plaintiff's complaint should be dismissed for failure to state a claim because: (1) the TAC fails to provide any details about Mr. Silveria's alleged disability, aside from passing references to the accommodations he was provided for his back, neck, and wrist, at some point following his hire in 2009; (2) Mr. Silveria has not alleged that he was subjected to verbal or physical conduct of a harassing nature; and (3) Mr. Silveria has not alleged the predicate non-discrete acts necessary to support a hostile work environment claim.

A.    <u>Mr. Silveria's Disability</u>

The Rehabilitation Act incorporates the substantive standards of liability set forth in the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Americans with Disabilities Act ("ADA").  *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003),

2    citing 29 U.S.C. § 791(f).  Under the ADA, an individual is disabled if "that individual (1) has a

3    physical or mental impairment that substantially limits one or more of the individual's major life

4    activities; (2) has a record of such an impairment; or (3) is regarded as having such an

5    impairment."  *Coons v. Sec'y of the United States Dep't of the Treasury*, 383 F.3d 879, 884 (9th

6    Cir. 2004).  *See also* 42 U.S.C. § 12102(1) ("[t]he term 'disability' means, with respect to an

7    individual—(A) a physical or mental impairment that substantially limits one or more major life

8    activities of such individual; (B) a record of such impairment; or (C) being regarded as having

9    such an impairment").

10          Mr. Silveria's complaint provides nothing more than a passing and cursory allegation that

11   he was "provided with reasonable accommodations for his back, shoulder and wrist" and that

12   those accommodations included "a back pad, wrist pad and an ergonomic mouse."  TAC ¶ 17

13   Nowhere does Mr. Silveria describe how this physical impairment "substantially limits" one or

14   more of his major life activities.  Nor does Mr. Silveria provide any additional details about his

15   alleged disability other than his being hired under the VA's Vocational Rehabilitation Program.

16          Mr. Silveria has failed to sufficiently allege he is disabled under the ADA.

17   B.     Verbal or Physical Conduct of a Harassing Nature

18          Mr. Silveria's claim fails for a second reason.  First, although the Ninth Circuit has not

19   expressly recognized a claim for hostile work environment under the Rehabilitation Act of 1973 or

20   the ADA, *Brown v. City of Tucson*, 336 F.3d 1181, 1188-93 (9th Cir. 2003) (distinguishing an

21   anti-interference claim from a hostile work environment claim), it has recognized such a cause of

22   action under Title VII of the Civil Rights Act of 1964.  The Court presumes that such a claim

23   could be asserted where the hostile work environment is based on disability.  A hostile work

24   environment requires the employee to plead:  (1) that he/she/they was subjected to verbal or

25   physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the

26   conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment

27   and create an abusive working environment.  *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110 (9th

28   Cir. 2000).

United States District Court
Northern District of California

1    Defendant concedes that "differential treatment may be considered as part of a hostile

2    work environment claim in assessing whether the conduct is sufficiently severe or pervasive to

3    satisfy the third element of a prima facie claim." Mot. at 10 fn.5. Indeed, courts have recognized

4    such a claim. *See*, *e.g.*, *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1108-09, 1112-18 (9th Cir.

5    2004) (discussing incidents which could contribute to a hostile work environment, *e.g.*, the

6    defendant-employer fixing the tires of white employees but failing to do so for the African-

7    American plaintiff-employee, which caused him to get into an accident); *Velez v. Roche*, 335 F.

8    Supp. 2d 1022, 1032 n.1 (N.D. Cal. 2004) ("[d]ifferential treatment may be considered as part of a

9    hostile work environment even though it, in and of itself, does not reach the level of an adverse

10   employment action").

11    Here, Plaintiff does not allege verbal or physical conduct of a harassing nature. There is no

12   allegation of, *e.g.*, disparaging remarks about Mr. Silveria's alleged disability. Instead, the claim

13   is based on a series of adverse actions. But Mr. Silveria fails to connect the alleged differential

14   treatment to a recognized disability. For instance, Mr. Silveria alleges that he was ordered to work

15   by his manager despite receiving documentation of his need for medical treatment. TAC ¶ 19.

16   Mr. Silveria has not shown that such leave was based on a recognized disability. For all we know,

17   his medical leave may have been taken to address an acute medical condition.

18    Mr. Silveria also alleges that his supervisors unlawfully accessed his medical information,

19   benefits, and financial records. TAC ¶ 23. But, again, Mr. Silveria does not connect this action to

20   his disability (*e.g.*, he does not allege that his supervisors accessed his private information to

21   harass him for his disability). Likewise, Mr. Silveria alleges that he was charged AWOL on

22   numerous occasions when he was at a doctor's appointment. TAC ¶ 27-29. However, the Court

23   cannot assume that this AWOL charge constitutes differential treatment because Mr. Silveria has

24   not connected these appointments to his disability. Mr. Silveria's alleged removal from the

25   building, without explanation, also suffers from this pleading deficiency. TAC ¶ 31. Drawing all

26   reasonable inferences in his favor, Mr. Silveria has not plausibly alleged that this removal was part

27   of an abusive work environment targeting a recognized disability.

28    The Court does not foreclose the possibility that future plaintiffs can make out a plausible

claim for a hostile work environment, under the Rehabilitation Act, by alleging differential treatment.  But Mr. Silveria has failed to state a plausible claim of a series of adverse employment actions which were taken in connection with his disability.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss the Third Amended Complaint **with prejudice**.  Mr. Silveria has already been afforded numerous opportunities to amend.

This order disposes of Docket No. 44.  The Clerk is instructed to enter Judgment and close the file.

**IT IS SO ORDERED**.

Dated: November 20, 2020

_____
EDWARD M. CHEN
United States District Judge